STATE OF CONNECTICUT *v.* BELLA KRAJGER

SUPERIOR COURT    FAIRFIELD COUNTY    FILE NO. 22995
AT BRIDGEPORT

Memorandum filed June 3, 1976

*Richard T. Meehan,* for the defendant.

*Richard F. Jacobson,* assistant state's attorney, for the state.

SADEN, J. The defendant was indicted for the crime of murder under § 53a-54 of the General Statutes. He has moved to dismiss the indictment claiming that there is insufficient cause to continue the prosecution because the report of the medical examiner and the autopsy performed on the alleged victim failed to set forth a cause of death so as to establish that a homicide took place. It appears

that the defendant's argument is that without a cause of death listed in the autopsy report, the corpus delicti, an essential element of the crime of murder, cannot be proved.

That is not the law in Connecticut. "[I]n a homicide case, the corpus delicti is *the fact of the death,* whether or not feloniously caused, of the person whom the accused is charged with having killed or murdered. 7 Wigmore, [Evidence (3d Ed.)] § 2072, pp. 401, 403." (Emphasis added.) *State* v. *Tillman,* 152 Conn. 15, 20. In this case death has been certified by the office of the medical examiner and by the autopsy report. Furthermore, although the conclusion of the office of the medical examiner was that there was "no apparent cause of death," the completed autopsy report attached thereto offered the opinion that "the possibility of homicide by suffocation, possibly associated with criminal assault" existed.

"An autopsy is not essential in all cases. When an autopsy is performed its probative effect is not necessarily destroyed by the fact that it is not complete . . . ." 41 C.J.S. 18, Homicide, § 312d (1). Proof of the cause of death is not limited to facts learned from an autopsy and may include circumstantial evidence. *Riffle* v. *King,* 302 F. Sup. 992, 996 (N.D. W. Va.). "It is not necessary that the body of the deceased should furnish the evidence of the fact that death was caused by criminal means." *Dunn* v. *State,* 67 N.E. 940, 942 (Ind.). See *Hicks* v. *State,* 66 Ga. App. 577, 582. An autopsy on the body of the deceased is not necessary to establish the corpus delicti. 40 Am. Jur. 2d, Homicide, § 433. See *People* v. *Wood,* 145 Cal. 659, 661; *People* v. *Ong Git,* 23 Cal. App. 148, 157. And, finally, the corpus delicti in homicide cases may be established without the aid of any testimony per-

taining to a coroner's report. *Commonwealth* v. *Fletcher,* 387 Pa. 602, 606; *Commonwealth* v. *Haley,* 359 Pa. 477, 479.

Thus, even if our law were different, there could be enough evidence here at trial to convict without an autopsy report listing the cause of death. Therefore, granting the motion to dismiss would be improper. It is clear that the fact of death will suffice to establish the corpus delicti. Here death has been certified and it is apparent on the face of the record.

The defendant's motion to dismiss must, therefore, be denied.